UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MELISSA POYER, JOANNE MOYNIHAN,
NICOLE PETKER, and KIMBERLY MARINO,
individually and on behalf of all others similarly
situated,

      Plaintiffs,                      **MEMORANDUM AND ORDER**

      v.                              2:22-CV-01506 (JMA) (ST)

SNOW TEETH WHITENING LLC d/b/a SNOW,
SNOW COSMETICS LLC d/b/a SNOW,
FORESOLD LLC d/b/a FORESOLD, and JOSHUA
ELIZETXE,

      Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Defendants move the Court to partially reconsider the Report and Recommendation ("R&R"), dated May 5, 2023, which recommended dismissal of all of Plaintiffs' claims except Plaintiff Nicole Petker's ("Petker") LED light-enhancement claim. *See* ECF 33-34.[1] Defendants' Motion for Partial Reconsideration ("Motion") further requests that this Court instead grant Defendants' Motion to Dismiss in full. *See* Mot. at 3. For the following reasons, this Court denies Defendants' Motion and declines to modify this Court's R&R.

Defendants' Motion is made pursuant to Local Civil Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might

---

[1] Note, Defendants did not file any objections to this Court's R&R and instead filed both the instant Letter Motion for Partial Reconsideration with this Court and a Letter Motion for Extension of Time to File Objections to this Court's R&R addressed to the Honorable Joan M. Azrack on May 19, 2023. *See* ECF 34 and 36. Plaintiffs filed their Objections to this Court's R&R on May 19, 2023, their Opposition to Defendants' Motion for Extension of Time on May 24, 2023 and their Opposition to Defendants' Motion for Reconsideration on June 2, 2023 ("Opp."). *See* ECF 35 and 37-38. Finally, Defendants filed their Opposition to Plaintiffs' Objection to this Court's R&R on June 2, 2023. *See* ECF 39.

1

reasonably be expected to alter the conclusion reached by the court." *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 351 (E.D.N.Y. 2013) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Luo v. Panarium Kissena Inc.*, No. 15CV3642WFKST, 2019 WL 13171379, at *1 (E.D.N.Y. Jan. 10, 2019) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted)). "In the context of a motion for reconsideration, 'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable.' " *Corpac*, 10 F. Supp. 3d at 354 (citations omitted). A motion for reconsideration is not to be used as a vehicle to relitigate issues. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Here, Defendants do not present any intervening change of controlling law, availability of new evidence or any clear error. Instead, Defendants merely make a new argument for the first time, based upon Plaintiff Nicole Petker's deposition testimony, which was already submitted to this Court and considered when issuing the R&R. For that reason alone, Defendants fail to meet the strict showing required for reconsideration.

Additionally, this Court also disagrees with the merits of Defendants' Motion. In summary, the question is whether sufficient reliance exists to satisfy Article III standing causation for Plaintiff Petker's relevant purchase of Defendants' products. Defendants correctly note that Plaintiff Petker testified she purchased Defendants' teeth whitening products *twice:* once in the summer of 2019 and once in December 2019. Mot. at 2. Yet, Plaintiffs' Complaint only mentions the later December 2019 purchase. *Id.* Petker's first purchase consisted of a *wired* LED

2

mouthpiece[2] and Petker's second purchase consisted of the *wireless* LED teeth whitening kit plus an extra LED *wired* piece. *See* Deposition of Nicole Petker ("Petker Tr."), dated August 17, 2022 at 89:16-20; 92:12-24, ECF 32-7.[3]

Considering the above background, the issue is that during Plaintiff Petker's deposition, Petker indicated that she would not have purchased the *first* wired product without Defendants' statement about the LED lighting feature on Defendants' website. Mot. at 2. However, Defendants contend Petker made the *subsequent* December 2019 wireless kit purchase "solely on the strength of the endorsements of Messrs. Gronkowski and Mayweather and their 'pearly white' teeth." and no statement from Snow/Defendants. *Id.* at 3.[4] Upon review of the pertinent deposition testimony and applicable case law, this Court is unpersuaded by Defendants' argument.[5]

As discussed in the R&R, establishing reliance "typically means [Plaintiff] must point to a specific advertisement or public pronouncement upon which the consumer relied." *Sabatano v. Iovate Health Scis. U.S.A. Inc.*, No. 19-CV-8924, 2020 WL 3415252, at *3 (S.D.N.Y. June 22, 2020). Moreover, the Second Circuit has recognized that "a plaintiff *need not allege* that the defendant's actions [were] *the very last step* in the chain of causation to demonstrate that the defendant's actions caused the claimed injury." *See Carver v. City of New York*, 621 F.3d 221, 226 (2d Cir. 2010) (internal quotations omitted) (emphasis added).

---

[2] Note, Petker agreed that, to her recollection, the summer of 2019 purchase only consisted of the wired LED mouthpiece with serum and was not an entire *kit*. *See* Petker Tr. at 26:10-14.

[3] Notably, Defendants' instant Motion omits that Petker testified that her second purchase contained an additional *wired* LED mouthpiece, which further undermines the merits of Defendants' argument as discussed *infra*. *See* Mot. at 2-3; Opp. at 2. To be clear, while the extra *wired* LED mouthpiece is mentioned in Petker's deposition, it is not mentioned in Paragraph 62 of Plaintiffs' Complaint, which lists Petker's only purchase noted in the Complaint. *See* ECF 1. Either way however, as discussed *supra*, *both* the wired and wireless products purchased contained the LED-lighting feature.

[4] Again, Defendants omit Petker's testimony concerning the extra *wired* LED mouthpiece in their discussion of the above in the instant Motion. *See* Mot. at 2-3.

[5] The Court also concludes that it is procedurally improper to raise new arguments concerning Plaintiff Petker's deposition testimony for the first time in a Motion for Reconsideration because, as discussed *supra*, the parties already had an opportunity to make arguments about all deposition testimony in the Motion to Dismiss briefing and a motion for reconsideration is not to be used as a vehicle to relitigate issues. *Analytical Surveys, Inc.*, 684 F.3d at 52.

Here, this Court concludes that Plaintiff Petker's deposition testimony sufficiently alleges that Defendants' LED-lighting feature was a *but-for* cause of *both* purchases even if not "the very last step" in the chance of causation. First, there is no dispute that *both* the wired and wireless versions of Defendants' products have LED-lighting features. Indeed, Defendants' Motion to Dismiss emphasizes that Defendants' products were defective "both times" Petker purchased whitening kits, *see* ECF 32-1 at 20, and Petker's deposition testimony alleges that the LED-lighting was the defective feature *both* times. *See, e.g.*, Petker Tr. at 89:16-20 (discussing *wired* LED mouthpiece defectiveness); 105:2-22 (discussing *wireless* LED mouthpiece defectiveness). Second, Petker testified that her second purchase also included an extra *wired* LED mouthpiece, which was the same product as the first purchase. *See* Petker Tr. at 92:12-24; *see also* Opp. at 2. Finally, when read in full, the pertinent deposition testimony alleges *multiple* but-for causes regarding Petker's second purchase. *See* Petker Tr. at 180:3-181:2:

> Q. And for the second purchase, without Mayweather's endorsement do you think you would have still purchased the product?
>
> A. Seeing both of them again, umm, if I didn't see them both, we'll say, then probably not. I wouldn't have given it a thought.
>
> Q. So, in other words, if you had only -- the second time around in December 2019, if you had only seen Gronkowski's endorsement and not Mayweather's, do you think you would have tried it again?
>
> A. Potentially. It probably, again, would have been sitting in the cart and making me think long and hard do I really want to spend the money, how do I know it's going work, you know, stuff like that. It's a possibility.
>
> Q. And then you also said earlier that you saw something about the -- the LED lights enhancing the process. If you hadn't seen that, do you think you would have purchased the product anyway?
>
> A. I'm going to have to go with a no.

This Court concludes that Petker sufficiently alleges that she would not have purchased the Defendants' product (*wired* mouthpiece) the first time but-for the LED-lighting feature. Then, after seeing the celebrity endorsements, Petker decided to purchase Defendants' products again, including a different version[6] which *also* had LED-lighting plus an extra *wired* LED mouthpiece that she purchased previously. Crucially, without reliance on the LED-lighting the first time, there would be no products to "try again" since Petker alleges she would not have purchased Defendants' product to begin with if there was no LED-lighting feature. Hence, the LED-lighting was a but-for cause *both* times even if not "the last step" of causation in Petker's second purchase. Therefore, Defendants' Motion is denied for this reason as well.

**SO ORDERED.**

                                                    /s/ Steven L. Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
June 5, 2023

---

[6] To the extent Defendants' Motion argues that the two "kits are different products sold at different price points," *see* Mot. at 2, that fact does not change that *both* products have the LED-lighting feature as discussed *supra*.